UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES P. ANDERSON                                          CIVIL ACTION

VERSUS                                                     NO. 09-7716

GREAT WEST CASUALTY COMPANY, ET AL          SECTION "C" (2)


ORDER AND REASONS

The Court previously ordered briefing on whether the jurisdictional amount

existed at the time of removal.  Having determined that the defendant has not shown

that subject matter jurisdiction exists, this matter is hereby REMANDED to state court

pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction.

Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the

removing party are insufficient to invest a federal court of jurisdiction.  Asociacion

Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v.

Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685

(1994).

Instead, the Fifth Circuit advises the district courts that they should review their

subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171

F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must

prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.

This showing may be made by either: (1) demonstrating that it is facially apparent that

the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in

controversy that support a finding of the jurisdictional minimum.  Id.  It is the

recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted,

and, if appropriately challenged, or if inquiry be made by the court of its own motion,

to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S.

283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189

(1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied,

459 U.S. 1107 (1983).

In this matter, the plaintiff allegedly suffered injuries in a automobile accident on

December 7, 2008, and filed suit on November 20, 2009.  According to the defendants in

memorandum, the jurisdictional minimum exists because of a verbal settlement

demand made in December 2009, for an amount in excess of $100,000.  No medical

records or reports are provided, but there appears to be no dispute that the plaintiff has

not been recommended for surgery.  The plaintiff states that his medical treatment has

consisted of "limited physical therapy" and that an MRI revealed disc herniations and disc narrowing.

The Court does not find that the jurisdictional minimum is facially apparent from the petition in this matter. The Court also finds that the defendants have not made a showing sufficiently particularized to support this Court's subject matter jurisdiction. The fact that a verbal offer of settlement may have been made prior to discovery can not be determinative in the absence of any medical proof supporting that amount; otherwise, subject matter jurisdiction could be effectively conferred by consent. Not only is there a lack of affirmative proof provided here, but the Court's conclusion is consistent with previous rulings of this Court regarding unoperated herniated discs. Turner v. Winn Dixie, 2009 WL 159294 (E.D.La.); Guzman v. State Farm Mutual Automobile Insurance Co., 2008 WL 2308099 (E.D.La.); Jackson v. Continental Casualty Co., 2007 WL 782190 (E.D.La.); St. Pierre v. Miers, 2006 WL 980675 (E.D.La.); Kern v. State Farm Mutual Insurance Co., 2006 WL 146199 (E.D.La.); Lehmann v. Protective Insurance Co., 711705 (E.D.La.); Story v. Unitrin Specialty Insurance Co., 2005 WL 3543731 (E.D.La.).

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792

F.2d 478 (5th Cir. 1986); <u>Butler v. Polk</u>, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly, IT IS ORDERED that this matter be and hereby is REMANDED to the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 29th day of January, 2010.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE